# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
November 9, 2010 Session

## LETA V. MYERS v. ROBERT A. MYERS

**Appeal from the Circuit Court for Hamilton County**
**No. 99D526      W. Neil Thomas, III, Judge**

---

**No. E2010-00324-COA-R3-CV - FILED DECEMBER 8, 2010**

---

Leta V. Myers ("Mother") and Robert A. Myers ("Father") were divorced in 1999. Approximately ten years later, Father filed a petition seeking to have his child support payment reduced after the oldest of the parties' four children became emancipated. Mother responded to the petition. Mother also filed a counter-petition seeking a modification of the parenting plan as well as to have Father found in contempt of court for willfully violating numerous provisions of the final decree. When Father failed to respond timely to the counter-petition, Mother filed a motion for default judgment. The Trial Court granted the motion for default. Approximately three hours after the order granting the default judgment was entered, Father filed a response to the counter-petition. The Trial Court eventually found Father in contempt of court for numerous violations of the final decree. After Father's motion to set aside the default judgment was denied, Father appealed challenging only the initial entry of the default judgment. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Robin Ruben Flores, Chattanooga, Tennessee, for the Appellant, Robert A. Myers.

Jennifer K. Peck, Chattanooga, Tennessee, for the Appellee, Leta V. Myers.

## OPINION

## Background

The record in this case begins with a complaint for legal separation filed by Mother in March 1999. At that time, Father was 46, Mother was 41, the parties had four minor children, and they had been married for seventeen years. In her complaint, Mother requested the Trial Court grant an order of legal separation and divide the marital assets and debts. Father responded to the complaint and filed a counterclaim seeking a divorce from Mother on the ground of irreconcilable differences or, alternatively, inappropriate marital conduct.

In December 1999, a final judgment of divorce was entered following a trial. The Trial Court declared the parties divorced from each other and divided the marital assets and debts. Mother was designated as the primary residential parent for all four minor children, and Father was ordered, among other things, to pay child support every other week in the amount of $408. Father also was ordered to maintain $100,000 in life insurance with the children as beneficiaries.

Almost ten years after the divorce was granted, Father, proceeding pro se, filed a petition to modify his child support payment due to the emancipation of the parties' oldest child. On June 15, 2009, Mother responded to the petition and acknowledged that the parties' oldest child had become emancipated. Mother also filed a counter-petition that same day. In her counter-petition, Mother sought to amend the parenting plan and to have Father held in contempt of court, claiming he was $3,264 behind in child support payments and had failed to comply with numerous other provisions contained in the final judgment of divorce. Mother also sought to have Father's child support payment recalculated pursuant to the income shares model contained in the new child support guidelines.

On August 20, 2009, Mother filed a motion to compel Father to respond to interrogatories and requests for production of documents that had been served on him on July 15, 2009. Upon learning that Father had been laid-off from his employment and that he had received a severance package, Mother also filed a motion seeking to have Father's severance pay paid into court to cover child support arrearages. In response to these motions, the Trial Court entered an order requiring Father to: (1) pay within ten days a child support arrearage of $3,966; (2) continue paying child support in the amount of $884 per month; (3) pay the proceeds from his severance package into court pending further orders of the court; and (4) respond to the interrogatories and requests for production of documents on or before September 21, 2009. The Trial Court also ordered the parties to mediation.

On September 15, 2009, Mother filed a motion for default judgment because Father had never responded to her counter-petition filed on June 15, 2009, wherein she sought to modify the parenting plan and have Father held in contempt of court for numerous alleged violations of the final judgment of divorce. According to this motion, Father was served with the counter-petition on June 16, 2009, and was required to file an answer by July 16, 2009. No response had been filed as of September 15, 2009.

On September 18, 2009, a Final Report of Mediator was filed with the Trial Court. The Final Report states only that the parties were able to reach an agreement on one or more issues, but does not identify which issue(s). The Final Report also shows that Father was continuing to proceed pro se.

On September 22, 2009, Mother filed a second motion to compel and requested sanctions be imposed against Father because he failed to respond to the interrogatories and requests for production of documents by September 21, 2009, as previously ordered by the Trial Court. Mother sought an order prohibiting Father from introducing any evidence at trial that had not been produced as requested during discovery. Mother also sought an award of attorney fees.

On September 29, 2009, at 10:18 a.m., the Trial Court entered an order granting the motion for default filed by Mother. The Trial Court set the matter for hearing on October 27, 2009.

After obtaining counsel, on September 29, 2009, at 1:02 p.m., which was approximately three hours after the default judgment had been entered, Father finally responded to the counter-petition and denied the pertinent allegations contained therein. At the same time, Father also filed a response to the motion for default arguing that he did not fail to "plead or otherwise defend" this action because he participated in the mediation process and the parties were able to reach an agreement on some issues. Attached as an exhibit to the response was the Mediation Agreement entered into between the parties on September 11, 2009, which showed that they had resolved several, but by no means all of the issues.

In early October 2009, Father filed a motion to set aside the default judgment. Later that month, the Trial Court entered an order following a hearing awarding Mother a judgment against Father for $12,191.24, for repairs made to the marital residence which Father was required to have made pursuant to the final decree. The Trial Court found Father in willful contempt for not making these repairs. The Trial Court also found Father in contempt for the following actions, all of which were found to be in violation of the final decree: (1) failing to provide Mother with a copy of Father's W-2 and 1099 forms; (2)

failing to pay one-half of the children's uncovered medical expenses totaling $5,756.93, for which a judgment was entered on Mother's behalf; (3) failing to maintain a life insurance policy in the amount of $100,000 naming Mother as trustee for the benefit of the children; (4) making derogatory remarks about Mother in front of the children and discouraging a relationship between Mother and the children; and (5) falling behind $7,396.94 in child support payment for which a judgment was entered in Mother's behalf. The Trial Court also ordered Father to pay $8,000 toward Mother's attorney fees. The Trial Court added that when the marital residence was sold, the various judgments entered against Father were to be deducted from his share of the proceeds first before any remaining proceeds were distributed to Father.

On October 22, 2009, a hearing was held on Father's motion to set aside the default judgment. The Trial Court denied the motion. After Father's motion to alter or amend the final judgment also was denied, he timely filed a notice of appeal.

A short Tenn. R. App. P. 24(c) statement of the evidence was filed with the Trial Court. According to this joint statement:

> [T]he parties hereby submit this Statement of Evidence for the transmission of the record to the Tennessee Court of Appeals at Knoxville.
>
> On September 28, [2009], Defendant failed to appear at the hearing for the Motion for Default and be heard on all evidence surrounding the Motion for Default on the Counter-Petition for Contempt and to Modify Parenting [Plan]. As a result, an Order for a Default Judgment was entered in favor of Plaintiff on September 29, 2009.
>
> On October 27, [2009], the Court was presented evidence of Defendant's willful failure to pay child support payments, medical, vision and dental expenses for the minor children, repairs for the marital residence, and extracurricular activities for the minor children. The evidence consisted of invoices, receipts, canceled checks, and other documentation provided by Plaintiff. Evidence was also presented of Defendant's failure to maintain life insurance and refusal to provide income information to Plaintiff, as ordered in the Final Decree of Divorce. The Court entered an Order on October 27, [2009], finding Defendant in contempt of Court and awarding Plaintiff

appropriate remedies. The Court held open the issue of Defendant's child support modification to determine whether Defendant was entitled to a reduction in child support, and scheduled the matter to be heard on November 10, 2009.

Father raises one issue on appeal which we quote: "The Trial Court erred when it allowed [Mother] an entry of default and a judgment of default."

## Discussion

The factual findings of the Trial Court are accorded a presumption of correctness, and we will not overturn those factual findings unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). With respect to legal issues, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). The decision to grant a default judgment is reviewed under an abuse of discretion standard. *State of Tennessee ex. rel. Jones v. Looper*, 86 S.W.3d 189, 193 (Tenn. Ct. App. 2000).

The entry of a default judgment is governed by Tenn. R. Civ. P. 55, which states, in pertinent part:

> **55.01. Entry. -** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, judgment by default may be entered as follows:
>
> The party entitled to a judgment by default shall apply to the court. . . . [A]ll parties against whom a default judgment is sought shall be served with a written notice of the application at least five days before the hearing on the application, regardless of whether the party has made an appearance in the action. . . . If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter the court may conduct such hearings or order such references as it

deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

Tenn. R. Civ. P. 55.01.

In *Pache Indus., LLC v. Wallace Hardware Co., Inc.*, No. E2003-01483-COA-R3-CV, 2003 WL 22668854 (Tenn. Ct. App. Nov. 12, 2003), this Court was confronted with similar procedural facts which we summarized as follows:

> Pache Industries, LLC ("Plaintiff") sued Wallace Hardware Co., Inc. ("Defendant") for unpaid invoices. Defendant was served with the summons and complaint, but did not answer within thirty days. Plaintiff filed a motion for default judgment. After being served with the motion for default judgment, Defendant hired an attorney, filed an answer to the complaint, and filed responses to discovery requests. The Trial Court granted Plaintiff a default judgment. Defendant filed a motion to set aside the default judgment. The Trial Court denied the motion. Defendant appeals. . . .

*Pache*, 2003 WL 22668854, at * 1.

The first issue we addressed in *Pache* was whether the trial court erred when it granted the judgment by default. We noted that the decision to grant a default judgment was discretionary, and under this standard the trial court's decision:

> "will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made." A trial court abuses its discretion only when it "applie[s] an incorrect legal standard, or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining." The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Pache*, 2003 WL 22668854, at * 2 (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)(citations omitted)).

Utilizing this standard of review, in *Pache* we affirmed the trial court's entry of a default judgment. We stated:

The Trial Court granted the default judgment because Defendant failed to comply with Tenn. R. Civ. P. 12, which states: "A defendant shall serve an answer within thirty (30) days after the service of the summons and complaint upon him." Tenn. R. Civ. P. 12.01.

As this Court stated in the *Looper* case:

"The belated filing of an answer is not an adequate response to a motion for default. There must be some application to the court for relief from the failure to timely file an answer." The language of Rule 55.01 makes it clear that a judge, in the exercise of sound judicial discretion, may enter a default judgment against a party who has failed to plead or otherwise defend in accordance with the rules, as long as proper notice of hearing on the motion is given. . . . Under the rules, an extension of time within which to file an already overdue response is available in the discretion of the trial court, for good cause shown, and upon a showing of excusable neglect. While trial courts generally have discretion to allow late filings, they are not compelled to do so.

*State of Tennessee ex. rel. Jones v. Looper*, 86 S.W.3d at 196 (citations omitted).

In this case, Defendant failed to file an answer within the time period provided by Rule 12 of the Rules of Civil Procedure or to otherwise timely defend as provided by the Rules of Civil Procedure. Defendant then made no application for an extension of time in which to respond to the complaint, but instead merely filed a belated answer.

Defendant claims that this was not an "eleventh hour" defense because its answer was filed eighteen days prior to the hearing on the motion for default judgment. However, neither the Rules of Civil Procedure nor case law provide that a default judgment must be denied if an answer is filed prior to the court's hearing on the motion. Rule 12.01 clearly provides that a complaint "shall" be answered within thirty days. Defendant did

-7-

not do that. In addition, Defendant did not simply delay in answering the complaint, but also delayed in hiring an attorney for several weeks after being served with the motion for default judgment. The Trial Court took into account the applicable law and the facts before it and exercised its discretion under Rule 55.01 to grant a default judgment. The Trial Court neither applied an incorrect legal standard nor reached a decision that is against logic or reasoning that causes an injustice to Defendant. Likewise, we believe that reasonable minds could disagree as to the propriety of the decision made by the Trial Court, the very essence of a discretionary decision. Given this, we are not permitted to substitute our judgment for that of the Trial Court, and, therefore, we affirm the Trial Court as to this issue.

*Pache*, 2003 WL 22668854, at * 3.

Returning to the present case, Father failed to file a timely response to Mother's counter-petition. He failed to request an extension from the Trial Court. He delayed hiring an attorney until after the time to file a timely response to the counter-petition had expired and Mother had filed the motion for default. No response to the counter-petition was filed before the order granting the motion for default was entered. The order granting the default judgment was entered over two months after Father's response to the counter-petition was due.

Based on these facts, we cannot conclude that the Trial Court abused its discretion when it granted Mother's motion for default. The Trial Court neither applied an incorrect legal standard nor did it reach a decision that is against logic or reasoning that causes an injustice to Father. At the very least, reasonable minds can differ as to the propriety of the Trial Court's entry of the default judgment. Therefore, the entry of the default judgment is affirmed.[1]

---

[1] Father does not raise as a separate issue whether the Trial Court erred when it refused to set aside the entry of the default judgment, and we, therefore, express no opinion on that issue.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Hamilton County Circuit Court solely for collection of the costs below. Costs on appeal are taxed to the Appellant, Robert A. Myers, and his surety, for which execution may issue, if necessary.

_____
D. MICHAEL SWINEY, JUDGE